## STETTLER VS. SCHMOYER.

It is not necessary that a recognizance for stay of execution should be filed of record in order to bind the surety.

A recognizance may be ordered to be filed *nunc pro tunc* as of the day of its approval.

Error to Common Pleas of Lehigh County. No. 307 January Term, 1883.

E. G. Swartz, counsel for Benjamin Schmoyer, presented his petition to the Court of Common Pleas of Lehigh County, as follows, viz.:

That on July 24, 1877, judgment was obtained against the defendant in the above case for one thousand and seventy-nine dollars; that on August 20, 1877, Daniel Stettler became bail for stay of execution; that a recognizance was executed and taken on that day in due form, and September 3, 1877, approved by David Laury, who was at that time one of the

associate judges of said Court; that said recognizance was never filed of record; that the plaintiff's counsels were informed and believed that the same was filed until about the time of the expiration of the stay, when, upon examination of record, they discovered that said recognizance had never been filed.

The defendant about this time, or soon thereafter, made an assignment for the benefit of his creditors.

Your Court now produces the recognizance and prays the Court to direct that the same be filed as of the day it was approved, or as such other day as to his Honor may seem proper.

---

Daniel Stettler made answer as follows:

For answer to the rule granted upon your respondent on Dec. 20, 1880, he comes and says:

That he objects to the filing of the recognizance mentioned in the petition of the plaintiff at this time, for the following reasons:

1. The recognizance never having been filed, the plaintiff acquired no right, and this respondent assumed no liability under it.

2. The recognizance not having been filed and not having left the hands of the defendant's counsel until long after the expiration of the time which the plaintiff would have been entitled to as a stay in case the recognizance had been filed within thirty days after the judgment, there is no consideration to support a liability at this time.

3. The recognizance is void as an obligation at this time.

4. The defendant's counsel, long after the time of the stay, which might have been secured by filing it in time—handed this recognizance to the plaintiff's attorney without the consent or knowledge of the respondent.

5. The Court has no authority to permit the filing of the recognizance at this time.

The Court ordered the recognizance to be filed *nunc pro tunc* as of the date of its approval in the following opinion, per

ALBRIGHT, P. J.:

Daniel Stettler, who entered into the recognizance as bail for stay of execution, did so with the intention that the recognizance should be filed, and that it should be made effective to stay the execution.

In Com. vs. Finney, 17 S. & R., 282; Justice Huston said of the Act of 1821, relating to stay of execution, that it is not mentioned whether the instrument by which the bail is bound shall be filed in the Prothonotary's office or kept by the plaintiff. Neither does the Act of 1836 nor 1845, on the same subject, contain any provision in this reference. Yet, inasmuch as the security here taken is in the form of a recognizance, and as it has been made to appear that Mr. Stettler entered into it with the intention that it should then be filed of record, and for that purpose entrusted it to defendant's counsel, who omitted to file it, and inasmuch as it is the practice here to file the recognizance at the time of approval, the defendant having obtained the stay to which the recognizance entitled him, the Court is of the opinion that the plaintiff to whom the recognizance has been delivered by defendant's counsel ought to be permitted to file it as of the date of its approval.

And now, November 9, 1881, the plaintiff is granted leave to file the recognizance for stay as of the date of its approval, *nunc pro tunc.*

---

A *scire facias* upon this recognizance was issued and the Court directed a verdict in favor of plaintiff, holding that the Court, not the jury was to decide whether the recognizance was valid. The jury rendered a verdict for plaintiff below for $1,430.47. The Court refused to grant a new trial in the following opion, per

ALBRIGHT, P. J.:

On July 24, 1877, the plaintiff obtained in a suit brought in this Court, a judgment against John Snyder. August 18, 1877, a *fieri facias* was issued. On August 20, 1877, it is alleged

Daniel Stettler became bail for stay of execution by entering into recognizance before the Prothonotary. Thereupon the execution was returned stayed. No other execution was issued until after the expiration of one year, the period of the stay permitted by law.

December 20, 1880, the plaintiff presented his petition setting forth that Stettler had entered into the recognizance for a stay at the time above stated, and it had been approved by a judge of this Court on September 3, 1877 ; that plaintiff had believed that it had been filed ; that about the time the recognizance should have been filed the defendant in the judgment had made an assignment for the benefit of creditors ; that plaintiff with said petition produced the recognizance and prays the Court to direct it to be filed. Thereupon the Court granted a rule on the defendant in the judgment and on Stettler, the alleged bail for stay. Snyder did not answer. Stettler filed an answer. He did not deny that he had entered into the recognizance. In the answer he set up: 1. That the recognizance having never been filed, the plaintiff acquired no rights, and the respondent assumed no liability under it. 2. The recognizance not having left the hands of defendant's counsel until long after the expiration of the time defendant would have been entitled to a stay there was no consideration to support a liability at that time. 3. That the recognizance as an obligation was void at that time. 4. That defendant's counsel, long after the time of stay which might have been secured by filing it in time, handed the recognizance to the plaintiff's attorney without the consent or knowledge of the respondent. 5. That the Court had no authority to permit the filing of the recognizance at that time.

The Court referred the matter to a commissioner to take testimony and report facts.

The commissioner reported that after he had been duly sworn and in pursuance of an agreement of all the parties in interest, there was a meeting before him, and that counsel for plaintiff and for the bail for stay had appeared ; that he had taken testimony. He reported certain facts found by him. What those facts were it is unnecessary now to state, as I am of the opinion that the defendant in this issue is really not

affected by the reference of said findings. As the Court now views this matter, the relief prayed for might have been granted upon the defendant Stettler's answer to the rule.

The allegation was that the recognizance had not been left among the records, although plaintiff's counsel had been led to believe that it had been duly entered ; that the counsel of the defendant Snyder had kept it in his possession; that shortly after the entering of the recognizance, the defendant in the judgment had made an assignment for the benefit of creditors, and was then insolvent, and that by these acts the plaintiff had been grossly wronged.

Before the commissioner Mr. Stettler did not testify. Wm. P. Snyder, Esq., testified that he was attorney for the defendant Snyder; that after judgment had been recovered he had asked Stettler to become bail for stay, and that the latter came in and signed and acknowledged the recognizance at the Prothonotary's office ; that the witnesss took the recognizance to Judge Laury, who approved it; that he presumes he put it in one of the drawers of his desk, from the fact that he found it there a long while afterwards, when plaintiff's counsel inquired for it, and to whom he gave it, more than a year after it had been acknowledged and after defendant had made an assignment; that he, the witness, had neglected to file it ; thinks he told plaintiff's counsel that Stettler would be the bail.

The Court on Nov. 9, 1881, for reasons stated in its opinion then filed, granted leave to the plaintiff to file the recognizance as of the date of its approval *nunc pro tunc*. Afterwards (Nov. 17, 1881,) the writ of *scire facias* on the recognizance was issued.

Upon the trial, and again on the hearing of this rule, defendant's counsel argued that the order of the Court directing the filing of the paper in suit could have no effect to create a liability on defendant's part. Undoubtedly this contention must be assented to.

As I have already stated, I do not think the action of the commissioner is relevant to the question of Stettler's liability. The petition and Stettler's answer, according to my present views, would have justified the order to file. If the recog-

nizance, which it was alleged had been signed and acknowledged had been missing, or the genuineness of the paper produced denied by Stettler, then the reference and action of the commissioner would have been pertinent, as will be explained hereafter. The inquiry which the Court caused to be made, was, however, proper and necessary, under the somewhat extraordinary circumstances alleged. It was asserted that a portion of the records of the Court had been improperly withheld. The Court cannot be indifferent as to what is done with its records by the attorneys of the Courts or others.

It is also argued on the part of the defendant that the recognizance had never been made regularly a part of the record and, therefore, this action of *scire facias* was not maintainable. At the trial, after the original judgment had been received in evidence, the Court, under exception, received the recognizance. Was there error in this, or in the direction to the jury to find for the plaintiff the amount of the original judgment and interest?

The Act of June 16, 1836, P. L., 762, after providing for the stay to be accorded to freeholders, declares: "Every defendant in any judgment obtained as aforesaid may, upon entering security, in the nature of special bail, have a stay of execution thereon, during 30 days from the rendition of such judgment, and if during that time he shall give security, to be approved by the Court or a Judge thereof, for the sum recovered, together with interest and costs, he shall be entitled to the stay of execution hereinbefore provided in the case of a person owning real estate." The following was the Act of March 21, 1806, 4 Sm. L. 329, on the same subject: "If the defendant is not a freeholder, as aforesaid, then execution may immediately issue, unless the defendant shall enter surety in the nature of special bail, in which case there shall be a stay of execution for 30 days, and if at or before the expiration of that term, the defendant shall give security for the amount of debt, interest and costs, such defendant shall be entitled to the same stay of execution as if he was a freeholder."

The case of the Com. for Allen vs. Finney, 17 S. & R., 282; arose under the Act of 1806. It was an action by *scire facias* upon a recognizance for stay of execution.

The record presents the following case : "Record of Common Pleas of Dauphin county : The Commonwealth for John Allen et al. vs. James Allen and C. Finney, *scire facias* on recognizance, 20th of December, 1819. Defendants confessed judgment for one thousand five hundred and four dollars and fifty-nine cents."

On the docket immediately below this was the following entry : "January 7, 1820, Samuel Finney, of West Hanover township, bound in three thousand and eight dollars and ninety-eight cents for the payment of debt, interest and costs.

"SAMUEL FINNEY.

Attest : JAMES A. CHAMBERS."

The record of said judgment and the above entry was offered in evidence. The Court below decided that it was no recognizance and rejected the offer. This was held to have been error. Huston, J., said : "The kind of security is not mentioned" (in said Act of 1806) "nor whether it shall be by bond or recognizance; whether on the docket or *in pais ;* whether it shall be filed in the Prothonotary's office or kept by the plaintiff. The practice has been general to enter it on the docket and for the surety to sign it. It is in some counties drawn more at large, and states to be for the purpose of obtaining for the defendant the stay of execution allowed by law. In some counties it is taken in double the amount of debt; in some in the amount, and in some it is '*becomes* security for debt, interest and costs.' Where the stipulation is entered on the docket annexed to the suit, and the money not paid at the expiration of the stay of execution *scire facias* or debt have been brought promiscously. If the security is by recognizance, it may be sued by *scire facias.*" After commenting upon the form of the undertaking, it is further said : "The man who enters into it understands it; the plaintiff understands it and is delayed by it; the defendant gets the advantage of it, but the Court is asked to say it had no meaning or effect. It shows what S. Finney agreed to do— the amount of his obligation ; its situation annexed to the suit is not to be overlooked. Without this all, notes of recognizances of special bail would be unintelligible; it is from

their position on the docket we know in what suit they are taken * * * Much learning, useless in this case, was exhibited in proving that a recognizance must be taken in a Court or before a Judge—and, of course, could not be before a deputy. Our Act of 1791, section 12, expressly gives to the Prothonotaries of the several Courts power to take bail, &c. It has never been questioned, nor can it, that a Prothonotary may make a deputy and a deputy. may do all acts which his principal can do."

In Bank of Penna. vs. Reed, 1 W. & S., 101, it was held that an undertaking on the docket, in the following, was a good recognizance: "I, William Webb, of Little Britain Township, hereby become bail for the amount of the award in this action, together with the interest that may accrue and the costs.

"Witness my hand and seal this 15th April, 1833.

WILLIAM WEBB. [SEAL.]

"Test: CHRISTIAN BARTRAM."

All that has been quoted from said opinion in Commonwealth vs. Finney does not apply to the objections raised here by defendant's counsel. He does not question the form of the recognizance in this case, nor does he say that its form is such that it would not support a *scire facias ;* but the ground is taken that it was not made a record by a filing by the party to be bound, and that because he never delivered it, therefore it is not his obligation. The remarks not specially applicable to the objections are, however, valuable as a statement of the nature of obligations of this character, and as showing the light in which they and proceedings to enforce the same are to be viewed.

The recognizance in suit is in the form following :

IN THE COURT OF COMMON PLEAS OF LEHIGH COUNTY.

Benjamin Schmoyer ⎫
     vs.    ⎬ Of September Term, 1877, No. 81.
  John Snyder ⎭

Now, July 24, 1877, judgment against defendant in the above case for one thousand and seventy-nine dollars, besides costs.

I, Daniel Stettler, of &c., acknowledge to owe and be indebted to the plaintiff above named in the sum of two thousand one hundred and fifty-eight dollars, lawful money of the United States, to be levied of my goods and chattels, land and tenements, for the use of the said plaintiff, upon condition that if the said defendant shall pay the debt, interest and costs, recovered in the above suit on or before the second day of July, Anno Domini one thousand eight hundred and seventy-eight, without any fraud or further delay, then this recognizance to be void, otherwise to be and remain in full force and virtue.

DANIEL STETTLER.

Taken and acknowledged before me,

August 20, 1877.

H. C. WAGNER, Dep'y Proth'y.

Endorsed : Approved September 3, 1877. David Laury, A. J.

It also now bears the endorsement: Filed November 14, 1881, *nunc pro tunc*, as of September 3, 1877, by leave of Court.

If it cannot be regarded that this was a recognizance after it had been acknowledged before the Prothonotary, then the action of *scire facias* cannot be maintained.

If the undertaking, being signed by the defendant, were not a *formal* recognizance, it might be treated as the voluntary personal contract of the defendant.   See Republica vs. La Caze, 1 Y., 55 ; Claason vs. Shaw, 5 W., 468 ; Kauffelt vs. Leber, 9 W. & S., 93 ; Allen vs. Kellam, 9 W. N., 93.   Then, however, debt would be the appropriate remedy.

But, I am of the opinion that the defendant became bound as soon as he had acknowledged the obligation before the Prothonotary, if the plaintiff chose to dispense with approval.   Plaintiff did not issue an execution after the first issued before the entering of the recognizance had been stayed, until the time limited in the recognizance for the stay had expired.

The first *fieri facias* was returnable on the first Monday of September, 1877, which was September 3, the day on which

the recognizance was approved. It is returned as stayed. The *alias fi. fa.* was issued to June Term, 1879.

The Act of 1836 requires approval of the security by the Court or a Judge thereof. If this is not done the plaintiff may treat it as a nullity and issue execution; Eichman vs. the Belvedere Bank, 3 Wh., 68. The approval is for the benefit of the creditor, and he may waive the necessity of it expressly or impliedly, by an acquiescence in the claim of the debtor to it, the benefit of the *cesset ;* but neither the debtor nor the bail can take the advantage of it; Stroop vs. Gross, 1 W. & S., 139; Walker vs. Nester, 6 W. N., 541. The plaintiff could not be deprived of his rights, nor the defendant relieved from his undertaking, simply because some one carried away the evidence of what had been done. A witholding of that evidence by defendant's attorney or by the recognizor himself could not destroy the obligation. And when the action of the Judge had been endorsed, that action and the paper to which it related belonged to the record in the case, even if the paper had been of a character other than a record before. Under the Act of Assembly the judge had the same power to approve or disapprove as the Court had, and the order and that upon which it was made was, strictly speaking, a part of the record of the case in which it had been made. It belonged to the class of judicial record—"those which are potentially, if not actually made up under the eye of the Judge in the presence of the parties and after hearing them;" Fleming vs. Parry, 12 H., 52. The whereabouts of the evidence of what had been solemnly and judicially done was of but little consequence. If the recognizance had not been among the files when the case was tried, other proofs to establish what had been done might have been necessary. In other respects there would have been no difference.

The defendant's signature was not necessary to hold him as a recognizor. If the undertaking had been written out in full on the docket it would not have been stronger. The obligation itself, signed by the recognizor, as was the case in Com. vs. Finney and Bank vs. Reed, *supra*, does not properly belong

on the docket; of course its being found there does not invalidate it. When the terms are as meagre as they appeared to be in the last two cases named, it helps to identify the obligation. In this case we have a full and formal recognizance.

The decision on the trial, that it could not be left to the jury to say whether there was a record to sustain the *scire facias* was not erroneous; Furst vs. Ayers, 2 W. N., 722.

If the recognizance had been missing, secondary evidence would have been admissible; Clark vs. Trindle, 2 P. F. S., 492; Miltimore vs. Miltimore, 4 Wr., 154.

I do not consider that the proceeding which resulted in the order to file the recognizance was without authority and that it did not affect the defendant. It was in substance although not in form, a bill to supply a lost record. The equity side of this Court has jurisdiction in a proceeding of this character ; See Equity Jurisdiction, Act of June 16, 1836 ; P. L., 789, and § 26 of Act of 25 April, 1850, P. L. 573 ; Upon plaintiff's petition (which was entitled as in. the original suit of Schmoyer vs. Snyder) the Court by rule brought in the only other parties interested, to wit: John Snyder, the original defendant, and Stettler, who, it was alleged, had become bail for the stay. In his sworn answer to said petition the entering into the recognizance was not denied by Stettler, but the right to order its filing was denied. Accepting the order as true, it presented no reason in law or equity for refusing the prayer of the petitioner. If we disregard the reference to the commissioner, who was in effect a master, and his finding, and take it as a matter coming before the Court on bill and answer the order of November 9, 1881, was warranted. If the proceeding had been one to perpetuate testimony of the lost record, after the answer put in by Stettler, further action would have been useless. Nothing would have remained to be done but to enter the decree.

After the identity of the recognizance sought to be filed, was admitted, the right to have it restored to the record followed. The order to file it as of an earlier date neither ben-

efitted nor prejudiced any one.  The suit on it was brought after it had been ordered to be filed.

It can safely be said that the order of the Court for filing of the recognizance, under the circumstances, was only an exercise of its inherent power to preserve its records.  That power existed at common law ; Herring vs. Philadelphia, 1 Walker's Cases, 4.

On the trial defendant offered no evidence presenting any question for the jury to pass upon.

Now, January 15, 1883, the rule to show cause why a new trial should not be granted is discharged.

--------

Stettler then took a writ of error.

*Messrs. R. E. Wright & Son*, for plaintiff in error, argued that the recognizance was not binding unless delivered and filed at the proper time in order to obtain a stay of execution. In this case the obligation was neither written upon the docket nor filed in the proper office, nor delivered to the plaintiff; but was left in custody of defendant's attorney.

*Messrs. Butz & Schwartz, contra,* relied on the opinion of the Court refusing a new trial; and also cited Stroop vs. Gross, 1 W. & S., 139.

The Supreme Court affirmed the judgment of the Common Pleas, on March 3rd, 1884, in the following opinion

Per Curiam:

The learned Judge committed no error in holding this to be a valid recognizance.  It is regular on its face, and was correctly taken and acknowledged before the Prothonotary.  It was duly approved by one of the judges of the Court.  No execution issued thereafter on the judgment, until the time limited by law, and in the recognizance for stay had expired. The Act of Assembly does not direct that the recognizance shall be filed in order to give it effect.  After the expiration of the stay prescribed by law, it was, by order of Court, filed *nunc pro tunc*, as of the day of its approval.

Judgment affirmed.